NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN THOMPSON, Plaintiff-Appellant, v. ANDREW M. SAUL, Commissioner of Social Security, Defendant-Appellee. | No. 19-35893 D.C. No. 2:19-cv-00105-RJB MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 16, 2020**
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and BOUGH,*** District Judge.

Juan Diangelo Thompson appeals the district court's affirmance of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") was required to provide specific and legitimate reasons for discounting the opinions of the examining providers. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ properly evaluated the longitudinal medical evidence and the medical opinion evidence and provided specific and legitimate reasons supported by substantial evidence to discount the opinions of the three examining providers, Dr. McDuffee, Dr. Anderson, and Dr. Harmon. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

The ALJ reasonably concluded that these opinions were inconsistent with Thompson's record of improvement when he was compliant with taking his medication. The ALJ's conclusion about these inconsistencies was further supported by her finding that treatment notes contemporaneous to Thompson's examination by Dr. Anderson indicate that Thompson's symptoms—particularly his difficulty getting along well with others and handling difficult situations—were well-controlled when he took his medication. Thompson's argument that he was compliant during the periods of these three examinations is unavailing because the

2

record does not conclusively show he was compliant with taking his medications at the time of each exam, and the record demonstrated that Thompson had a history of noncompliance during the relevant time period. Additionally, the ALJ determined that Thompson was an unreliable witness and an unreliable historian due to numerous inconsistencies in his testimony and throughout the record, and Thompson does not dispute this credibility finding on appeal.

The ALJ's conclusion that the providers' opinions were inconsistent with Thompson's records from individual and group therapy sessions was supported by substantial evidence. The ALJ recounted that Thompson frequently presented to sessions with a pleasant, cooperative attitude, euthymic mood, logical thought processes, intact cognitive function, good eye contact, and numerous other indicia of mental status findings within a normal range. These findings were in conflict with the examining providers' reports of, for example, his tangential thought processes and aggressive manner. Contrary to Thompson's assertion, the ALJ made her findings while also acknowledging the presence of abnormal findings in the longitudinal record as well, such as times when Thompson presented with depressed, anxious, or irritable mood. The ALJ is responsible for resolving such ambiguities in the record, and "[w]e must uphold the ALJ's decision [even when] the evidence is susceptible to more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Similarly, the ALJ did not err when she concluded that the three examining opinions were inconsistent with records from Thompson's group therapy notes, which revealed that Thompson was cooperative, pleasant, respectful, attentive, polite, and receptive to others' comments during sessions, in contrast to the three examiners' conclusions that Thompson would be unable to get along with others in workplace settings. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

The ALJ's conclusion that Thompson's symptoms were in part responsive to situational stress was also based on substantial evidence. The ALJ detailed numerous examples between 2012 and 2017 in which Thompson experienced difficult situations or was noncompliant with treatment, resulting in an impact on his symptoms. The ALJ's conclusion that this evidence in the record was inconsistent with the examiners' conclusions was specific and legitimate, and supported by substantial evidence.

The ALJ did not err by giving little weight to the providers' opinions because they relied in part on Thompson's self-reporting, which the ALJ found to be unreliable due to multiple inconsistencies throughout the record. *See id.* at 1223. Thompson does not dispute these inconsistencies, nor does he challenge the ALJ's finding that he was not a reliable witness or historian of his own symptoms. Contrary to Thompson's argument, the ALJ noted that the three opinions relied

only "in part" on self-reporting, thereby acknowledging that the examining providers also relied on their own clinical observations and objective testing.

The ALJ's additional reasons for giving little weight to Dr. Anderson and Dr. McDuffee's opinions were also based on substantial evidence. The ALJ provided a specific and legitimate reason for giving little weight to Dr. McDuffee's opinion because Dr. McDuffee's conclusions contradicted the results of her own mini-mental status exam. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ rejected Dr. Anderson's opinion for the additional reasons that Thompson made statements to Dr. Anderson that were inconsistent with his self-reported psychiatric history elsewhere in the record to which Dr. Anderson did not have access, and that Thompson presented with far more controlled symptoms at treatment appointments that were contemporaneous with Dr. Anderson's exam . These were specific and legitimate reasons for giving little weight to Dr. Anderson's opinion. *See Turner*, 613 F.3d at 1223.

**AFFIRMED.**